UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN THOGMARTIN and JESSE THOGMARTIN, as husband and wife,<br><br>                            Plaintiffs,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE CO., a New York corporation; et al.,<br><br>                            Defendants. | Case No.: 23-cv-1309-LAB-KSC<br><br>**ORDER GRANTING MOTION TO REMAND TO STATE COURT**<br>**[Dkt. 8]** |

Plaintiffs Dustin Thogmartin and Jesse Thogmartin, as husband and wife, originally filed this action in the Superior Court of California, County of San Diego, alleging claims against Defendants Zurich American Insurance Co. ("Zurich American"); J.S. Held LLC ("J.S. Held"); E-Djuster USA Inc. (erroneously sued as Edjusters) ("E-Djuster"); Strike Check, LLC ("Strike Check"); Steven Padilla; and Radovan Borovic (erroneously sued as Borovic Radovan) ("Borovic"), individually and doing business as BR Appliance Service (collectively, "Defendants"). On July 14, 2023, Defendants Zurich American, J.S. Held, E-Djuster, Strike Check, and Borovic (collectively, the "Removal Defendants") removed this action based on diversity jurisdiction and 28 U.S.C. §§ 1332, 1441(b), and 1446. (Dkt. 1).

Defendant Padilla wasn't served at the time of the removal but submitted a declaration in support of removal. (Dkt. 1-4). According to the Removal Defendants, Borovic and BR Appliance Service are "sham" defendants, and their citizenship should be disregarded because none of Plaintiffs' causes of action against Borovic and BR Appliance Service are actionable or could result in recovery. (Dkt. 1 ¶¶ 21–27). The Court issued an Order to Show Cause requiring Plaintiffs to explain why Borovic shouldn't be dismissed, and the action proceed based on diversity. (Dkt. 3). Plaintiffs responded by filing a Motion to Remand to State Court. (Dkt. 8). The Removal Defendants opposed the motion, (Dkt. 9), and Plaintiffs replied, (Dkt. 11). Having carefully considered the pleadings and relevant law, the Court hereby **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Plaintiffs' request for attorney's fees and costs for the reasons set forth below.

I.   STATEMENT OF FACTS

The Thogmartin's residence, located at 9415 Fortune Lane, La Mesa, California (the "Insured Property"), is owned by Plaintiffs and insured by Zurich American when it caught fire on or around November 13, 2021. (Dkt. 1 ¶ 17). Plaintiffs allege the fire caused damage to the Insured Property and the Plaintiffs' personal property, which Zurich American acknowledged they'll cover. (*Id.*). However, Plaintiffs dispute the amount of loss for the covered damages. (*Id.*).

A point of dispute in the coverage amount arose after Borovic, as sole proprietor of BR Appliance Service and at the request of Strike Check, inspected the Plaintiffs' appliances on December 15, 2022. (*Id.* at ¶ 20). Borovic took photographs of Plaintiffs' appliances, documented the model and serial number of each appliance, and documented visual observations of the condition of those appliances. (*Id.*). He then forwarded this information to Strike Check, which used the information to issue a report and estimate to Plaintiffs and Zurich American. (*Id.* ¶ 20 n.1).

Plaintiffs originally filed their Complaint in state court on May 31, 2023,

claiming breach of contract, breach of the covenant of good faith and fair dealing, intentional interference with a contract, and a violation of Business and Professions Code section 17200. (*Id.* at Ex. A). On July 14, 2023, the Removal Defendants removed the case to federal court, alleging that this Court has jurisdiction on the following grounds: (1) Borovic and BR Appliance Service are "sham" defendants; (2) Plaintiffs' intentional interference with a contract cause of action against Borovic and BR Appliance Service fails as a matter of law; and (3) Plaintiffs' Business and Professions Code section 17200 claim against Borovic and BR Appliance Service fails as a matter of law. (*Id.* ¶¶ 21–27).

Plaintiffs moved to remand the case to state court, contending that the removal was untimely and Borovic, as a California resident, is a necessary party to the case, having provided information to Zurich American regarding the condition of the damaged property at the Insured Property. (Dkt. 8-1 at 2). As a result, they contend that they're entitled to attorney's fees for a frivolous removal. (*Id.* at 6–7).

Removal Defendants maintain that Borovic and BR Appliance Service are "sham" defendants because Borovic's declaration provides sufficient evidence to prove that the two claims against Borovic and BR Appliance fail as a matter of law. (Dkt. 9 at 5–11). They argue that the notice of removal was timely and reasonable, warranting this Court to hear the matter and to deny the Plaintiffs' request for attorney's fees and costs. (*Id.* at 11–12).

## II.   LEGAL STANDARD

A lawsuit filed in state court may be removed to federal court by the defendant if the federal court has original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir. 1977). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513 (2006). Under § 1332, district courts have diversity jurisdiction over all civil

actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). There needs to be complete diversity "between all named plaintiffs and all named defendants, and no defendant can be a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing, LP,* 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Id.*

## III. ANALYSIS

### A. Timeliness of Removal

Plaintiffs argue that removal of Borovic's case took place more than thirty days after he was served, which violates 28 U.S.C. § 1446(b)(1). (Dkt. 8-1 at 5–6). Removal Defendants counter that removal was proper under § 1446(b)(2)(B)–(C), allowing a later-served defendant to file a notice of removal and obtain the joinder of an earlier-served defendant. (Dkt. 9 at 11–12).

The Ninth Circuit has done away with the first-served rule in favor of the later-served rule. *See Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). The later-served rule "doesn't go so far as to give already-served defendants a new thirty-day period to remove whenever a new defendant is served." *Id.* Instead, "each defendant is entitled to thirty days to exercise his removal rights after being served." *Id.* After this decision by the Ninth Circuit, § 1446 was amended to add in that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal," and "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may

consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(B)–(C).

Here, Zurich American, J.S. Held, E-Djuster and Strike Check were served on June 14, 2023, and they filed a Notice of Removal on July 14, 2023, which satisfies the thirty-day requirement. (Dkt. 1-5 at Ex. C, D, E, and F). Plaintiffs concede "some of the Removing Defendants may have met the thirty (30) day threshold." (Dkt. 8-1 at 5). Although served on June 7, 2023, Borovic consented to and joined in the removal on July 14, 2023. (Dkt. 1-5 at Ex. A, B, and L). Based on the later-served defendant rule, the Court finds that removal was timely.

### B. Remand to State Court

Plaintiffs contest that Borovic and BR Appliance Service were fraudulently joined in this case to destroy diversity. (Dkt. 8-1 at 4–6). The Ninth Circuit has stated that, "[a]lthough there is a general presumption against fraudulent joinder, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th. Cir. 2007) (second alteration in original) (citations omitted). Defendants who assert fraudulent joinder must carry a heavy burden of persuasion. *Id.* ("Fraudulent joinder must be proven by clear and convincing evidence."); *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). If there's any possibility that the plaintiffs may prevail against the in-state defendant, no fraudulent joinder will be found. *Plute*, 141 F. Supp. 2d at 1008 (citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995) ("The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.") and *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court

against the alleged sham defendant.")).

Reaching this conclusion, the court may "pierce the pleadings," *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Cavallini*, 44 F.3d at 263), but if there's conflicting evidence presented, the court must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party," *Mayfield v. Aerotek, Inc.*, No. 20-cv-01947-JAH-JLB, 2022 WL 2670629, at *3 (S.D. Cal. July 11, 2022) (citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). To decide on this evidence, the court must find it either abundantly obvious that the plaintiff couldn't prevail or that it's an uncontested piece of evidence. *See Morris*, 236 F.3d at 1068; *W. Am. Corp. v. Vaughan-Basset Furniture Co.*, 765 F.2d 932, 936 (9th Cir. 1985).

Plaintiffs have stated two causes of action against Borovic and BR Appliance Service. (Dkt. 1 at Ex. A). First, they allege that Borovic and BR Appliance Service intentionally interfered with a contract. Second, they allege that Borovic and BR Appliance Service violated Business and Professions Code section 17200.

Regarding the first allegation, there must be no possibility that Plaintiffs may prevail in proving: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). To establish this claim, the plaintiff needn't prove that a defendant acted with the primary purpose of disrupting the contract, but only must show the defendant's knowledge that the interference was "certain or substantially certain" to occur because of the action. *Quelimane Co. v. Steward Title Guar. Co.*, 19 Cal. 4th 26, 56 (1998).

Regarding the second allegation, a violation of California's Business and Professions Code section 17200 entails "any unlawful, unfair, or fraudulent

business act or practice." Bus. & Prof. Code § 17200. Courts have construed this broadly, "embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Magdaleno v. Indymac Bancorp, Inc.*, 853 F. Supp. 2d 983, 996 (E.D. Cal. 2011). Plaintiffs must establish only that there was: (1) a loss or deprivation of money or property sufficient to quantify as injury in fact, and (2) the economic injury was the result of the alleged unfair business act. *See CF Gainesville Investor, LLC v. Astronergy Solar, Inc.*, 615 F. Supp. 3d 1137, 1145 (C.D. Cal. 2022).

The parties dispute the nature of Plaintiffs' two claims. The Removal Defendants assert that Borovic's declaration makes it clear that Borovic's, including BR Appliance Service, role was limited to taking photographs of the appliances, documenting the appliances' model and serial number, and documenting the appliances' condition based on visual observations. (Dkt. 1 ¶ 24; 9 at 8, 10). Yet, the Plaintiffs contend that this assessment was directly linked to Zurich American's assessment of coverage and payment of policy benefits, leading to an impact on the final coverage decision. (Dkt. 11 at 3–5).

The only evidence produced, regarding the level of involvement Borovic and BR Appliance Service had, was a self-serving declaration by Borovic. (Dkt. 1-3). There wasn't any evidence from Strike Check and Zurich American suggesting that it didn't rely on the visual observations documented by Borovic and BR Appliance Service to determine the estimate or final coverage decision. As a result, Borovic and BR Appliance Service remain necessary parties to obtain further information to determine what effect, if any, the information provided by Borovic and BR Appliance Service had on the final coverage decision. *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014) (stating that a "court may find that joinder is appropriate for the just adjudication of controversy if there is a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action").

Removal Defendants also argue that Borovic and BR Appliance Service aren't liable under Business and Professions Code section 17200 because they acted as agents. (Dkt. 9 at 10).[1] However, the agency relationship must be "obvious under the laws of the state" for the court to find the joinder was fraudulent. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 591 (C.D. Cal. 1998). "The Ninth Circuit has found that state law directs that a party seeking to prove agency must convince the trier of fact by a preponderance of the evidence that the person for whom the work is performed has the right to control the activities of the alleged agent. . . . However, if control may be exercised only as to the result of the services performed and not the means and methods by which it is accomplished, then the provider is an independent contractor, and not an agent." *Id.*

It's possible that Borovic, through BR Appliance Service, didn't act as an agent, but rather as an independent contractor, because he had autonomy to carry out the means and methods of how he documented the appliances' condition as he pleased. No evidence shows that Borovic acted as an agent under the control of Strike Check. Just the opposite, Borovic's declaration states he was "hired by Strike Check," visited the Insured Property "at the request of Strike Check" to inspect certain appliances, and when arriving at the Insured Property, Borovic documented his own visual observations of the appliances. (Dkt. 1-3 ¶¶ 3–5). There wasn't any evidence to show Strike Check had a sufficient level of control over Borovic, especially when it comes to how he inspected the Insured Property

---

[1] Removal Defendants requested judicial notice of six different documents previously filed with the Court in this case. (Dkt. 9-3). The court must take judicial notice if a party requests it and supplies the court with the necessary information. Fed. R. Evid. 201(c)(2). Removal Defendants haven't provided the Court with any information to support their request for why judicial notice must be taken. The Removal Defendants merely cite Federal Rule of Evidence 201 and list the six documents. (Dkt. 9-3). The Court isn't provided with any information for why judicial notice is required, so the request for judicial notice is **DENIED**.

and documented his personal observations of the appliances' condition, to conclude that Borovic was obviously an agent of Strike Check.

The court isn't permitted to anticipate a judgment on the merits of the case or engage in extensive fact-finding, but considers whether there is any possibility that the plaintiff may prevail. *See Brayden v. PSC Indus. Outsourcing, Inc.*, No. C07-04910, 2008 WL 410240, at *2 (N.D. Cal. Feb. 12, 2008) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996)). Although Borovic himself didn't issue an estimate, he inspected the Insured Property and documented the appliances' condition that Strike Check relied upon to issue its own report and estimate. The Complaint has adequately pled possible claims for intentional interference with contract and violation of California's Business and Professional Code against Borovic and BR Appliance Service, and the Court finds there's a possibility the Plaintiffs may prevail on these causes of action. The Court **GRANTS** Plaintiffs' Motion to Remand. (Dkt. 8).

### C.   ATTORNEY'S FEES AND COSTS

Plaintiffs requested $6,660 in attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (Dkt. 8-1 at 6–7). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the appropriate test for awarding fees under § 1447(c) should balance "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" with "not undermining Congress' basic decision to afford defendants a right to remove." *Martin*, 546 U.S. at 140.

Here, attorney's fees and costs are unwarranted because the question of

remand wasn't objectively unreasonable. *See Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1035 (C.D. Cal. 2016) (denying the request for attorneys' fees despite removal being improper because the defendants reasonably believed the plaintiff failed to state a cause of action); *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1073 (C.D. Cal. 2014) (finding that although defendant's argument wasn't persuasive, it wasn't so objectively unreasonable in light of the case law that it justified an attorneys' fees award). Removal Defendants didn't act in bad faith, but instead they provided reasonable evidence in support of their contention that Borovic and BR Appliance Service were fraudulently joined. Specifically, they believed that Borovic and BR Appliance Service were "sham" defendants because they weren't involved in the insurance claim other than providing pictures and descriptions of the damages to the appliances. (*See* Dkt. 9 at 12).

Although the Court agreed with Plaintiffs that remand was appropriate, Removal Defendants still had "an objectively reasonable basis [for removal], [so] fees should be denied." *Martin*, 546 U.S. at 141. As such, Plaintiffs' request for attorney's fees and costs is **DENIED**.

### IV. CONCLUSION

Plaintiffs' Motion to Remand is **GRANTED**, but their request for an award of attorney's fees and costs is **DENIED**. The Clerk is directed to mail a certified copy of this Order of Remand to the clerk's office of the Superior Court of California, County of San Diego, and then terminate this case.

**IT IS SO ORDERED**.

Dated: February 16, 2024

_____
Honorable Larry Alan Burns
United States District Judge